# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LARRY D. GRIFFIN,**

        **Petitioner,**

      -v-                                                    **Case No. 04-C-1064**

**BYRAN BARTOW**
**Director, Wisconsin**
**Resource Center,**

        **Respondent.**

## DECISION AND ORDER

This matter comes before the Court on respondent's motion to dismiss. This Court has already noted that "a motion to dismiss is generally *not* an appropriate pleading in response to a petition for a writ of habeas corpus." *See Chavez v. Morgan*, 932 F.Supp. 1152, 1152 (E.D. Wis. 1996). Rather the appropriate response is an "answer" that responds to each allegation in the petition and provides all the relevant documents pertaining to the judgment of conviction, any available and relevant transcripts, and any post-conviction pleadings and decisions. *See id.*; Rule 5 of the Rules Governing § 2254 Cases. The Court may, after its initial review, order the respondent to also file a "motion [] or other response." Rule 4 of the Rules Governing § 2255 Cases. The magistrate judge

who conducted the initial review here, though, only ordered that the respondent file an "answer."

Larry Griffin, the petitioner, is serving a term of commitment under Wisconsin's sexual predator law, Wis. Stat. ch. 980. However, the respondent construes Griffin's petition as challenging Griffin's previous sexual assault conviction, for which he has already served his term of imprisonment. The respondent's construction is inaccurate. Each of the grounds Griffin lists in support of his habeas petition attack the constitutionality of his current confinement as a sexual predator, pursuant to Wis. Stat. ch. 980, not the validity of his earlier sexual assault conviction. Indeed, Griffin alleges that he has been confined as a sexual predator for over five years without a hearing or trial.

The Court is unable to address the merits of Griffin's allegations because the respondent still has not filed an "answer" responding to each of Griffin's claims, nor provided all of the relevant documentation of the state court procedures pertaining to the Griffin's current confinement. Accordingly, the Court orders that the respondent file an answer that shall contain all of the information and documentation required by Rule 5 of the Rules Governing § 2254 Cases no later than February 20, 2006. The respondent may also file any motion it deems appropriate, in addition to the answer, no later than February 20, 2006.

Also, on a final note, Griffin filed a "Motion in Rebuttal to Respondents Motion to Dismiss." Griffin's "motion" was essentially a response brief to the respondent's motion to dismiss, and thus, it too must be denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**

The Respondent's Motion to Dismiss (Docket No. 9) is **DENIED**.

Griffin's "Motion in Rebuttal to Respondents Motion to Dismiss" (Docket No. 14) is **DENIED**.

The Respondent is directed to file an answer, and any other motion or pleading, no later than **February 20, 2006.**

Dated at Milwaukee, Wisconsin, this 25th day of January, 2006.

      **SO ORDERED,**

      s/ Rudolph T. Randa

      **HON. RUDOLPH T. RANDA**
      Chief Judge

3

Case 2:04-cv-01064-RTR   Filed 01/25/06   Page 3 of 3   Document 18