# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LARRY D. GRIFFIN,**

        Petitioner,

  -vs-

**Case No. 04-C-1064**

**BRYAN BARTOW, DIRECTOR,**
**WISCONSIN RESOURCE CENTER,**

        Respondent.

## DECISION AND ORDER

The petitioner, Larry Griffin ("Griffin"), is currently serving a term of commitment under Wisconsin's sexual predator law, Wis. Stat. ch. 980, at the Wisconsin Resource Center in Winnebago, Wisconsin. Griffin has petitioned the Court for relief under 28 U.S.C. § 2254, attacking the constitutionality of his confinement as a sexual predator under Chapter 980.

As Griffin approached his release date pursuant to a prior sexual assault conviction and subsequent parole violations, the State of Wisconsin moved to commit Griffin as a sexually violent person pursuant to Wis. Stat. § 980.04(3). Two orders were entered: (1) On July 2, 1999, the Milwaukee County Circuit Court, the Honorable Jeffrey Wagner, held that there was probable cause to believe that Griffin was a sexually violent person eligible for commitment pursuant to Chapter 980; (2) On August 17, 2000, the Milwaukee County Circuit Court, the Honorable Kitty Brennan, made the same finding and ordered that Griffin be held at the Wisconsin Resource Center for an evaluation as to whether Griffin is a

sexually violent person. (Docket No. 9, Respondent's Motion to Dismiss, Exhibits E, F). Griffin remains in custody at the WRC.

Section 2254 is an appropriate vehicle for Griffin's request. *See Duncan v. Walker*, 533 U.S. 167, 176 (2001) (those subject to state court civil commitment judgments may seek habeas corpus relief pursuant to 28 U.S.C. § 2254). However, Griffin did not appeal either of the orders, entered in 1999 and 2000, regarding his commitment as a sexually violent person. Accordingly, the instant petition, filed in November of 2004, must be dismissed as untimely. *See* 28 U.S.C. 2244(d)(1)(A) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus . . . [which] shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Griffin's petition for a writ of habeas corpus is **DENIED**;

2. Griffin's motion for a speedy trial/disposition [Docket No. 25] is **DENIED**; and

3. This matter is **DISMISSED** in its entirety.

Dated at Milwaukee, Wisconsin, this 5th day of February, 2007.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA**
**Chief Judge**